# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMAAL HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-105-AGF |
| | ) | |
| CAPE COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Jamaal Hamilton (registration no. 14697) for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court will grant the motion and plaintiff will be assessed an initial partial filing fee of $14.50. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint and supplement [Docs. #1 and #4], the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $72.50, and an average monthly account balance of $37.72. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in

either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint and Supplement

Plaintiff, an inmate at the Cape Girardeau County Jail, seeks monetary relief in this 42 U.S.C. § 1983 action against the Cape County Jail ("the Jail"), John Jordan (Sheriff), and Unknown Stevans (Lieutenant). Plaintiff summarily states that the Jail has a policy to charge inmates "$.50 per photograph." He alleges that defendant Stevans overcharged him $103.50 for photographs that actually comprised a single "collage." Plaintiff alleges, "When I receive such a photograph I am overcharged for the very things that constitute a finished photograph." He is suing defendants in both their individual and official capacities.

## Discussion

Having carefully reviewed the pleadings, the Court concludes that plaintiff's allegations of being overcharged for pictures making up a single collage simply do not constitute a constitutional violation and fail to state a § 1983 cause of action.

Moreover, to the extent that plaintiff is attempting to allege that defendants violated a prison regulation or a Missouri state law, the allegations do not rise to the level of a § 1983 claim. *See Williams v. Hopkins*, 130 F.3d 333, 337 (8th Cir. 1997). To the extent that plaintiff is attempting to assert a due process claim based on the loss of his personal property, the allegations fail to state a claim

cognizable under § 1983 and are legally frivolous. Although the Due Process Clause may be implicated when a prisoner suffers a loss of property, if the taking of property by prison officials is intentional and the state provides an adequate postdeprivation remedy, there is no violation of due process. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff does not allege that he lacks an adequate postdeprivation remedy, and, in fact, the State of Missouri provides at least one postdeprivation remedy, of replevin, for the recovery of personal property. *See* Mo. R. Civ. P. 99.01- 99.15.

As additional grounds for dismissing this action, the Court notes that plaintiff's claims against the Cape County Jail are legally frivolous, because jails are not suable entities. *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (jails are not entities amenable to suit).

The complaint is also legally frivolous as to Sheriff John Jordan, because plaintiff has failed to assert any claims or allegations against him, and the doctrine of respondeat superior is not applicable in § 1983 actions. *See Boyd v. Knox*, 47

F.3d 966, 968 (8th Cir. 1995); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

The Court will not liberally to construe the complaint as having been brought under 28 U.S.C. § 1332, because the amount in controversy does not exceed $75,000 and diversity of citizenship is lacking. *See* 28 U.S.C. § 1332.

For these reasons, this action will be dismissed as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $14.50 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of June, 2015.

*Audrey G. Fleissig*
**UNITED STATES DISTRICT JUDGE**